IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 15-CR-00088-CG |
| | ) | |
| THOMAS JUSTIN PALMER | ) | |

## PLEA AGREEMENT

The defendant, **THOMAS JUSTIN PALMER**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his rights as follows:

   a. To be represented by an attorney;

   b. To plead not guilty;

   c. To have a trial by an impartial jury;

   d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

   e. To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Count Two of the Superseding Indictment, charging a violation of Title 21, United States Code, Section 846 (conspiracy to distribute, or cause to be distributed, a controlled substance outside the usual course of professional medical practice and for no legitimate medical purpose).

1

3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree

Rev. 8/14

that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

11. The maximum penalties the Court could impose as to Count Two is:

   a. 20 years imprisonment;

   b. A fine not to exceed $250,000.00;

   c. A term of supervised release of 5 years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. A mandatory special assessment of $100.00; and

   e. Such restitution as may be ordered by the Court.

Rev. 8/14

## SENTENCING

12. The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

13. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

15. Both the defendant and the United States are free to allocute fully at the time of sentencing.

Rev. 8/14

16. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## FINANCIAL OBLIGATIONS

17. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

18. The United States will not bring any additional charges against the defendant related to the facts underlying the Superseding Indictment. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

19. The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court.

Rev. 8/14

## APPLICATION OF USSG § 5K1.1 AND/OR FED. R. CRIM. P. 35

20. The defendant understands and agrees that he has no right to cooperate, and that the decision whether to allow him to cooperate is reserved solely to the United States in the exercise of its discretion. If the United States agrees to allow the defendant to cooperate, and if the defendant agrees to cooperate, the following terms and conditions apply:

   a. The defendant shall fully, completely, and truthfully respond to all questions put to him by law enforcement authorities regarding the underlying facts of the offense(s) with which he is charged, as well as the underlying facts of any criminal offense(s), state or federal, of which he has information or knowledge.

   b. The defendant acknowledges that he understands that he shall provide truthful and complete information regarding any offense about which he has knowledge or information regardless of whether law enforcement authorities question him specifically about any such offense. This provision requires the defendant to divulge all information available to him even when law enforcement authorities do not know about the defendant's involvement, knowledge or information relating to any particular offense. This requirement extends to any and all persons about whom the defendant has such knowledge or information.

   c. The defendant agrees to cooperate completely with all law enforcement authorities in any matters to which his cooperation may be deemed relevant by any law enforcement authority. The defendant agrees to fully

Rev. 8/14

comply with all instructions from law enforcement authorities regarding the specific assistance he shall provide. This includes, but is not limited to, consenting to monitored and/or recorded telephone conversations, participating in undercover operations, testifying completely and truthfully before any grand jury, at any pre-trial proceeding, during any trial, and any post-trial proceeding.

d. If the United States deems it necessary, the defendant may be required to take a polygraph examination(s) which will be administered by a government polygrapher. The defendant agrees that the results of any polygraph examination may be used by the United States in its evaluation of whether there has been substantial assistance, and are admissible at sentencing to rebut an assertion by the defendant of bad faith or unconstitutional motive on the part of the United States.

e. The defendant agrees to turn over to the United States any and all documents, tapes and other tangible objects which are in his possession or under his control and which are relevant to his participation in and knowledge of criminal activities, regardless of whether it relates to the charged offense. This obligation is a continuing one and includes materials that the defendant may acquire, obtain or have access to after the execution of this agreement.

f. The defendant also agrees to identify the assets of any other person which were obtained through or facilitated the defendant's illegal activities or the illegal activities of another.

Rev 8/14

g. If the defendant provides full, complete, truthful and substantial cooperation to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, a decision specifically reserved by the United States in the exercise of its sole discretion, then the United States agrees to move for a downward departure in accordance with Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable. The United States specifically reserves the right to make the decision relating to the extent of any such departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation. The defendant understands that the United States will make no representation or promise with regard to the exact amount of reduction, if any, the United States might make in the event that it determines that the defendant has provided substantial assistance. The defendant understands that a mere interview with law enforcement authorities does not constitute substantial assistance. The defendant also understands that, should he provide untruthful information to the United States at any time, or fail to disclose material facts to the United States at any time, or commits a new criminal offense, the United States will not make a motion for downward departure. If the defendant's effort to cooperate with the United States does not amount to substantial assistance as determined solely by the

United States, the United States agrees to recommend that the defendant receive a sentence at the low end of the advisory guideline range.

h. The United States and the defendant agree that any breach of this agreement by the defendant, including but not limited to committing a new offense, failing to cooperate, intentionally withholding information, giving false information, committing perjury, failing to identify assets obtained by him from his illegal activities or obtained by others associated with him or of which he has knowledge, refusing to take a polygraph examination, failing a polygraph examination, or refusing to testify before the grand jury or at any judicial proceeding, would:

   (1) permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters underlying the Indictment; and

   (2) permit the United States to initiate and proceed with the prosecution on any other charges arising from a breach of this agreement. The United States will not be limited, in any respect, in the use it may make against the defendant of any information provided by the defendant during his breached cooperation. Such breach will constitute a waiver of any claim the defendant could make under the United States Constitution, the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, or any statute or case law by which the defendant seeks to suppress the use of

such information or any evidence derived from such information.

    i. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, false statement, and obstruction of justice, should the defendant commit any of these offenses during his cooperation. The defendant acknowledges and agrees that the information that he discloses to the United States pursuant to this agreement may be used against him in any such prosecution.

    j. The United States and the defendant agree that the defendant will continue his cooperation even after he is sentenced in the instant matter. His failure to continue his cooperation will constitute a breach of this agreement, and the defendant agrees that under such conditions, the United States will be free to reinstate the charges and the prosecution of the charges in the Indictment, which are to be dismissed in accordance with this agreement. Under these circumstances, the defendant expressly waives any rights he may have under the statute of limitations and the speedy trial provisions.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

21. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Rev. 8/14

Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

  a. **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

    (1) any sentence imposed in excess of the statutory maximum;

    (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

  b. The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

22. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

23. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

24. If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

25. The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the

defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

26. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

### ENTIRETY OF AGREEMENT

27. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,
KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: December 15, 2015

Deborah A. Griffin
Assistant United States Attorney

Date: December 15, 2015

Christopher J. Bodnar
Assistant United States Attorney

Date: 12/15/15

Vicki M. Davis
Assistant United States Attorney
Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Superseding Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 12-15-2015

Thomas Justin Palmer
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Superseding Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 12-15-2015

Neil Hanley
Attorney for Defendant

Rev 8/14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 15-CR-00088-CG |
| | ) |
| THOMAS JUSTIN PALMER | ) |

## FACTUAL RESUME

The defendant, **THOMAS JUSTIN PALMER**, admits the allegations of Count Two of the Superseding Indictment.

## ELEMENTS OF THE OFFENSE

**THOMAS JUSTIN PALMER** understands that in order to prove a violation of Title 21, United States Code, Section 846(a), as charged in Count Two of the Superseding Indictment, the United States must prove:

First: Two or more persons, in some way, agreed to try and accomplish a shared and unlawful plan to distribute and dispense a controlled substance outside the usual course of professional medical practice and for no legitimate medical purpose;

Second: The defendant knew the unlawful purpose of the plan and willfully joined in it; and

Third: The object of the unlawful plan was to distribute and dispense various Schedule II and III Controlled Substances.

## OFFENSE CONDUCT

Defendant, **THOMAS JUSTIN PALMER** admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **PALMER's** plea of guilty. The statement of facts does not contain each and every fact known

13

to **PALMER** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

A.  Background

During the time period alleged in the Superseding Indictment, Doctors John Patrick Couch and Xiulu Ruan owned and operated a pain clinic with two locations in Mobile, Alabama known as Physician's Pain Specialists of Alabama ("PPSA") — one located at 2001 Springhill Avenue, Mobile, Alabama and the other at 4682 Airport Boulevard, Mobile, Alabama. Dr. Couch and Dr. Ruan also co-owned C&R Pharmacy, which was co-located in the same building as the PPSA clinic at 4682 Airport Boulevard. C&R Pharmacy was registered with DEA as a retail pharmacy.

PPSA purported to be a pain management medical practice that provided medical care and treatment. PPSA treated patients who had both private and federally-funded health insurance, as well as patients with workers compensation coverage.

Within the time period alleged in the Superseding Indictment, defendant **THOMAS JUSTIN PALMER** was a nurse practitioner at PPSA. At various times, **PALMER** worked under both defendant Dr. Xiulu Ruan and defendant Dr. John Patrick Couch.

B.  Evidence to Support Guilty Plea as to Count Two

Throughout the time period alleged in the Superseding Indictment, **PALMER** knowingly and willfully conspired with Dr. Couch, Dr. Ruan and others to prescribe, dispense, or cause to be dispensed Schedule II and III controlled substances outside the usual course of professional practice or not for a legitimate medical purpose. During the course, and in furtherance, of the conspiracy: (1) Certain PPSA patients received Schedule II & III controlled substances outside the usual course of professional practice; (2) Schedule II Transmucosal Immediate-Release

Fentanyl (TIRF) drugs were prescribed to non-cancer patients; (3) Certain PPSA patients continued to receive prescriptions for Schedule II & III controlled substance despite drug tests indicating that these patients were not taking the drugs as prescribed; (4) **PALMER** forged Dr. Couch's signature on prescriptions for Schedule II & III controlled substances, with Dr. Couch's knowledge; and (5) **PALMER**, himself, received controlled substances from PPSA ~~himself~~ outside the usual course of professional practice.

*DAG*
*lab*
*2*
*CSB*

As a result of prescriptions being written outside the usual course of professional practice, reimbursement revenue received by PPSA from private, state, and federal insurance providers increased.

At all times relevant to the conspiracy set out in Count Two, **PALMER** acted knowingly and willfully as he joined others to unlawfully prescribe, dispense, and distribute Schedule II & III controlled substances outside the usual course of professional practice.

AGREED TO AND SIGNED.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: _____December 15, 2015_____   _/s/ Deborah A. Griffin_
Deborah A. Griffin
Assistant United States Attorney

Date: _____December 15, 2015_____   _/s/ Christopher J. Bodnar_
Christopher J. Bodnar
Assistant United States Attorney

15

Date: 12/15/15

*(signature)*

Vicki M. Davis
Assistant United States Attorney
Chief, Criminal Division

Date: 12-15-2015

*(signature)*

Thomas Justin Palmer
Defendant

Date: 12-15-2015

*(signature)*

Neil Hanley
Attorney for Defendant

16